**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**


Matthew Lewis

    v.                                  Civil No. 10-cv-274-JL

Richard Gerry, Warden
New Hampshire State Prison

## O R D E R

Before the court is pro se petitioner Matthew Lewis's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254.  The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts; United States District Court District of New Hampshire Local Rule 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

### Background

In May 2007, Lewis was convicted of second degree assault, under N.H. Rev. Stat. Ann. ("RSA") § 631:2, I(b), and is currently serving a sentence of ten to twenty years in prison, with two years of the minimum suspended.  The New Hampshire Supreme Court ("NHSC") affirmed Lewis's conviction.  See State v.

<u>Lewis</u>, No. 2007-0790 (N.H. July 14, 2009).  The facts set forth below come from that NHSC decision, supplemented, as appropriate, with facts alleged in the § 2254 petition.

Sometime prior to Lewis's trial, Lewis's friend, Matt Harris, fought with the victim, Ben Blasi.  Harris, Lewis, Rachael West, and another friend, Matt French, returned to the house where Blasi had fought with Harris the same day.  Lewis and French brought guns.  A fight ensued.  Blasi, who had been sleeping, came out of the house towards Lewis.  Lewis, thinking Blasi had something in his hands, shot him in the abdomen before running away.  Blasi survived.

Four days prior to trial, the prosecution learned that Blasi had changed his story of how the shooting occurred.  Blasi testified at trial that he was eight to ten feet away from Lewis when Lewis pulled the trigger.  That testimony differed from what had previously been disclosed.  Defense counsel's objection to the change in testimony was overruled.

Blasi accounted at trial for the change in his description of the event by testifying that he was on certain medications at the time that the police obtained a statement from him.  The prosecutor stressed that point in the State's closing argument.

2

Upon reviewing medical records obtained pretrial through discovery from the State, Lewis learned after trial that Blasi had not been on morphine during the police interview, as he had testified.

Lewis's federal claims in this case are the following[1]:

    1.   The prosecutor's failure to disclose prior to trial Blasi's changed description of the shooting violated Lewis's rights to due process and a fair trial under the Fourteenth Amendment, as set forth in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.

    2.   The prosecution engaged in misconduct, in violation of Lewis's rights to due process and a fair trial under the Fourteenth Amendment, by allowing Blasi to commit perjury at trial regarding his medicated status.

<u>Discussion</u>

A.   <u>Exhaustion</u>

To be eligible for habeas relief on his cognizable federal claims, a prisoner must show, for each claim, that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.   <u>See</u> 28 U.S.C. § 2254(b);

---

[1]The identification of the claims herein will be considered for all purposes in this case to be the claims raised in the petition (doc. no. 1).  If Lewis disagrees with this identification of the claims, he must properly move to amend the Petition.

see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997)
(explaining exhaustion principle).

A petitioner's remedies in New Hampshire are exhausted when
the NHSC has had an opportunity to rule on the claims.  See
Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988).  The
exhaustion inquiry does not turn on whether the NHSC chose to
ignore a federal issue squarely presented to it.  See Dye v.
Hofbauer, 546 U.S. 1, 3 (2005).

"In order to exhaust a claim, the petitioner must 'present
the federal claim fairly and recognizably' to the state courts,
meaning that he 'must show that he tendered his federal claim in
such a way as to make it probable that a reasonable jurist would
have been alerted to the existence of the federal question.'"
Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal
quotations and citation omitted).  A habeas petitioner may fairly
present a claim by doing any of the following:  "'(1) citing a
provision of the federal constitution; (2) presenting a federal
constitutional claim in a manner that fairly alerts the state
court to the federal nature of the claim; (3) citing federal
constitutional precedents; or (4) claiming violation of a right
specifically protected in the federal constitution.'"  Dutil v.

4

Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted),

cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009); cf. Martens

v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988) (simply reciting

facts underlying state claim, which might support either state or

federal claim, is inadequate to constitute fair presentation of

federal claim to state court).  In some circumstances, a

petitioner can prove that he has exhausted a federal issue by

showing that he cited state court decisions that rely on federal

law, or that the state claim cited in his filings in the state

court is essentially indistinguishable from the federal claim,

such that asserting only the state claim probably alerted the

state court to the federal aspect of the claim.  See Nadworny v.

Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989).

The exhaustion inquiry focuses on the claims presented in

the notice of appeal or briefs filed in the NHSC, unless those

filings are ambiguous as to the nature of the particular claim.

"[O]rdinarily a state prisoner does not 'fairly present' a claim

to a state court if that court must read beyond a petition or a

brief (or a similar document) that does not alert it to the

presence of a federal claim in order to find material, such as a

lower court opinion in the case, that does so."  Baldwin v.

Reese, 541 U.S. 27, 32 (2004).  If, however, the nature of a claim in the notice of appeal or briefs filed in the NHSC is ambiguous, federal habeas courts may look beyond those filings to consider other documents to determine if the petitioner fairly presented a federal claim to the NHSC.  See Janosky v. St. Amand, 594 F.3d 39, 51 (1st Cir. 2010) (citing Clements, 485 F.3d at 163).  Unexhausted claims cannot be cited as grounds for granting federal habeas relief.  See 28 U.S.C. § 2254(b).

B.   Mixed Petitions

A so-called mixed federal habeas petition, containing both exhausted and unexhausted claims, is subject to being dismissed without prejudice, or, as appropriate, stayed to grant the petitioner an opportunity to exhaust all of his claims.  See Rhines v. Weber, 544 U.S. 269, 278-79 (2005).  Alternatively, a petitioner may be granted leave to file an amended petition that omits the unexhausted claims, see id., although choosing to forego unexhausted claims risks losing the chance to file these claims in a future habeas petition, due to the prohibition against second or successive habeas petitions under 28 U.S.C. § 2244(b).

C.   Lewis's Record on Exhaustion

The record before me on exhaustion consists of Lewis's
petition, including the exhibits attached to it.  Those exhibits
include, in pertinent part, the Superior Court's December 2009
order denying Lewis's motion for a new trial, and the NHSC
February 2010 order declining to accept an appeal of that order.

The Superior Court's order indicates that Lewis appealed,
but the NHSC chose not to address, a claim similar to Claim 1,
denominated above, in affirming Lewis's conviction.  Having no
access to Lewis's filings in the NHSC on either his direct appeal
of his conviction or the discretionary appeal of the order
denying a new trial, I cannot discern whether Lewis presented
federal constitutional claims to the NHSC.

Accordingly, Lewis may not proceed in litigating the instant
petition until he shows that he has exhausted each of the federal
claims that he intends to litigate here.  Lewis may demonstrate
exhaustion to this Court, for example, by attaching to an amended
petition the notice of appeal and briefs filed in the NHSC, as
well as any other parts of the NHSC record that:  (1) cite
pertinent federal cases, (2) refer to federal constitutional
provisions, or (3) otherwise characterize his claims in a manner

7

likely to have alerted the NHSC to the federal aspects of each of his claims.

Conclusion

Within thirty (30) days of the date of this Order, Lewis must:

1.   File an amended § 2254 petition to demonstrate that each of his federal claims has already been exhausted in the state courts; or, if he can demonstrate exhaustion of some but not all of his claims for federal habeas relief,

2.   Elect, in writing, to forego each unexhausted claim and provide notice of that election in this court, in which case the exhausted claims may be promptly served upon the respondent; or

3.   Move to stay this action so that he may return to the state courts to exhaust each unexhausted claim.

If Lewis elects to return to the state courts to complete exhaustion, he must file his federal claims in state court within thirty (30) days of the date of this Order.  Lewis must include in the motion to stay his § 2254 petition, filed in this court, notice of the status of such state court proceedings.

Lewis's failure to amend the petition as directed, or other noncompliance with this Order, may result in a recommendation

that the petition be dismissed for lack of exhaustion.  <u>See</u> 28
U.S.C. § 2254(b).

    **SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 20, 2010

cc:  Matthew Lewis, pro se

LBM:nmd

9