**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Matthew Lewis

    v.                                      Civil No. 10-cv-274-JL

Richard Gerry, Warden
New Hampshire State Prison

**O R D E R**

Before the court is pro se petitioner Matthew Lewis's motion to amend his petition for a writ of habeas corpus (doc. no. 4). The motion was filed in response to my August 20, 2010, Order (doc. no. 3), directing Lewis to demonstrate that he had exhausted his state court remedies on the federal claims asserted in his original petition (doc. no. 1), filed pursuant to 28 U.S.C. § 2254.

A.   Exhaustion

The proposed amendment to the petition includes as an attachment Lewis's notice of discretionary appeal filed in the New Hampshire Supreme Court ("NHSC"). See Ex. 2 to Mot. to Amend (doc. no. 4-2) at 22-28. Construed liberally, the notice of discretionary appeal included the following claims that are

the same or similar to the claims set forth in the section 2254 petition:

> 1.   The prosecutor's failure to disclose prior to trial Blasi's changed description of the shooting violated Lewis's rights to due process and a fair trial under the Fourteenth Amendment, as set forth in Brady v. Maryland, 373 U.S. 83 (1963).
>
> 2.   The prosecutor engaged in misconduct by using perjured testimony to obtain Lewis's conviction, in violation of his duties under Brady v. Maryland, in that the prosecutor elicited from Blasi a false explanation for the change in his description of the shooting, namely, that when the police interviewed Blasi, he was taking medications including morphine, although, in fact, Blasi's medications did not include morphine at that time.

The first claim is a federal due process claim based on Brady v. Maryland and its progeny, and it is the same as the first claim in Lewis's section 2254 petition.  See Order (Aug. 20, 2010) (doc. no. 3) (listing claims included in section 2254 petition).  In accordance with the law on exhaustion explained in my August 20, 2010, Order (doc. no. 3), I conclude that Lewis has exhausted that federal due process claim regarding the prosecutor's duties under Brady v. Maryland, 373 U.S. 83 (1963).

The second claim set forth in the NHSC notice of discretionary appeal rests on the same factual underpinnings as

the claim of prosecutorial misconduct involving perjury set forth in the section 2254 petition. Lewis's citation to Brady v. Maryland in his notice of appeal effectively alerted the NHSC to the federal nature of this claim of prosecutorial misconduct, as well, even though he cited Brady without directly stating that he relied upon the decision as a basis for his claim relating to the prosecutor's use of Blasi's false testimony.

The Brady rule applies in cases where previously undisclosed evidence reveals that the prosecution introduced trial testimony that it knew or should have known was perjured. See Kyles v. Whitley, 514 U.S. 419, 433 (1995) (describing evolution of Brady rule); United States v. Agurs, 427 U.S. 97, 103 (1976) (describing types of cases in which Brady rule applies). A conviction obtained through the knowing use of perjured testimony must be set aside "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." See Agurs, 427 U.S. at 103.

I note that Lewis's claim is not an archetypical Brady claim, involving the prosecutor's failure to turn over exculpatory evidence, in that Lewis has asserted that he had

3

obtained Blasi's pertinent medical records pretrial. Moreover, Lewis's citation to Brady in his appeal of the order denying the motion for a new trial was not specifically linked with his claim regarding the prosecutor's use of perjured testimony. For the purposes of determining whether the citation to a federal case before the state court renders a federal claim exhausted, however, the distinction between prototypical claims and the claim at bar is inconsequential. A reasonable jurist, reading the claim of prosecutorial misconduct involving the knowing use of perjured testimony in connection with Lewis's citation to Brady, would have been alerted to Lewis's intent to assert a federal due process claim. See Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (to demonstrate exhaustion of state remedies, petitioner "'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question'" (citation omitted)).

Accordingly, I conclude that Lewis has exhausted the federal due process claims set forth in his section 2254 petition. The motion to amend the petition is granted. As the

4

petition includes only exhausted, cognizable federal claims, it may proceed at this time.

B.   Service

The petition shall be served upon Richard M. Gerry, Warden of the New Hampshire State Prison, who shall file an answer or other pleading in response to the allegations made therein.  See Rule 4 of Rules Governing Section 2254 Cases (hereinafter § 2254 Rules) (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service, electronic copies of:  this Order; Lewis's Motion to Amend the Section 2254 Petition, with the attachments thereto (doc. no. 4); the August 20, 2010, Order (doc. no. 3); and the original habeas petition, with the attachments thereto (doc. no. 1).

The Warden shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

## Conclusion

The motion to amend (doc. no. 4) is granted.  Service shall be effected upon the Respondent as set forth above.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 13, 2010

cc:   Matthew Lewis, pro se

LBM:nmd